JAMES M. ROBB, Administrator, Appellant, v. ARCHIE DOUGLASS *et al.*, Appellees.

Mortgage: FAILURE OF CONSIDERATION: CANCELLATION: FORECLOSURE. Where a conveyance of land was, in an action brought by creditors of the grantor, decreed to be fraudulent as to such creditors, and thereupon a mortgage given for the purchase money of said land was by mutual agreement surrendered and destroyed, *held*, that the mortgage could not thereafter be enforced against the land for the benefit of the grantor's estate, though the mortgagor had again become possessed of the land by purchase under the decree rendered in said action by creditors.

*Appeal from  Monroe  District  Court.*—HON. E. L. BURTON, Judge.

MONDAY, MAY 15, 1893.

ACTION in equity to foreclose a mortgage upon certain real estate. There was a decree for the defendants, and the plaintiff appeals.—*Affirmed.*

*Henry L. Dashiell* and *W. A. Nichol*, for appellant.

*T. B. Perry*, for appellees.

ROTHROCK, J.—The mortgage in question was executed by the defendant Douglass to Aaron Hicks

and William Hicks to secure the purchase money of certain land. It appears that said William Hicks and Aaron Hicks were owners in common of said real estate, each having title to one undivided half thereof. On the seventeenth day of February, 1883, they conveyed said land to the defendant Douglass for the sum of thirty-eight thousand, five hundred dollars. The sale was wholly on credit, and a mortgage for the whole amount of the purchase money was given by Douglass, payable in annual installments. At the time this transaction took place, Aaron and William Hicks were insolvent. They were indebted to various creditors in large amounts, and the sale of the land to Douglass left them without property or money to pay their debts. These debts were joint obligations. Soon after the conveyance of the land some of the creditors commenced actions upon their demands, and afterwards filed creditors' bills to subject the land to the payment of their claims, which resulted in decrees in favor of the creditors, and the land was sold, and the proceeds were applied in the payment of the debts. The creditors were quite numerous, and the record discloses that there were many redemptions by creditors from each other, so that the transactions in the matter of redemptions are quite complicated. It is not necessary to set out or explain these redemptions. It is sufficient to say that all of the said real estate was appropriated to the claims of the creditors. There is no question made as to the validity of the decrees declaring the sale of the land to the defendant to be in fraud of the creditors. The fact that the sale of the land was wholly on credit, and that the debtors had no other property or money with which to pay their debts, together with other considerations not necessary to name, leaves no room for controversy on that question.

Aaron Hicks died within a year after the conveyance was made, and the defendant Douglass was

appointed and qualified as administrator of his estate, and he continued to act in that capacity until February, 1890, when he was removed by order of court, and the plaintiff Robb was appointed administrator of said estate. During the time the defendant Douglass was acting as administrator he reported to the court that the said estate was without assets of any kind with which to pay debts. It is conceded that the mortgage upon the land, and the notes secured thereby, were destroyed by reason of an agreement to that effect, made between the mortgagor and the mortgagees. We have said that this is an action by the plaintiff, as administrator of Aaron Hicks, to foreclose the mortgage. William Hicks, the joint mortgagee, does not join in the suit. He is made a defendant, and he joins with Douglass in the claim that the mortgage was destroyed by agreement made by all the parties thereto, and that by reason of the decrees and sales of the land in satisfaction of the claims of the creditors the consideration for the mortgage has wholly failed.

The plaintiff claims that there are a large number of creditors' claims which are unsatisfied, and he seeks to foreclose the mortgage to pay these debts. These creditors did not seek to subject the land to the payment of their claims by petition in equity, or by redemptions, or in any other manner. It should not be a matter of dispute that when it was discovered that the conveyance was subject to the debts it was agreed by all the parties thereto that the mortgage debt should be canceled. It was in pursuance of this agreement that it was destroyed. The plaintiff filed a motion to suppress a deposition of Douglass in which he testified that Aaron Hicks joined in said agreement. The ground of the motion was that it was a personal transaction between Hicks and Douglass, and was not competent evidence, under section 3639 of the Code. It may be

the motion is well taken, but it is not necessary to decide the question, because, if the motion should be sustained, there is other evidence in the case which establishes the same facts. As we have said, the whole of the real estate in controversy was sold on the decrees in favor of the creditors, and the proceeds of the sales were applied in payment of the debts of Aaron Hicks and William Hicks.

It having been found that the contract of sale was rescinded by the mutual acts of the parties, and that the mortgage was surrendered and destroyed, the consideration therefor wholly failed, and there is no ground legal or equitable, upon which to found an action against the defendant, based on the original transaction. It is true that the defendant Douglass became the purchaser of the land under the decrees, and now claims to own the same. So far as appears from the record, Douglass had the undoubted right to purchase the land. As the mortgage was lawfully canceled, and the consideration had thereby failed, he had the same right to become an owner of the land under the decrees that he would have had if the mortgage had never been made. The case demands no further consideration.

The decree of the district court is AFFIRMED.